## LONG v. LONG, *Appellant.*

1. **Practice in Supreme Court**: ABSTRACTS AND BRIEFS.   It is incumbent on the parties to a civil cause in the supreme court to comply with the statute and with the rules of the court requiring a clear and concise statement of the facts of the case and the points relied on.

2. ——— : ———.   The appellant having failed to comply with said statute and rules, and the instructions given by the court of its own motion not being preserved, it will be presumed that the action of the lower court was correct, and its judgment is therefore affirmed.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

*Blair & Marchand* for respondent.

SHERWOOD, J.—This cause has been here before. It is reported in 79 Mo. 644; and is ejectment for about four hundred and seventy acres of land, in Knox county.   On the former appeal, the judgment was reversed and the cause remanded, with directions that if, pending the appeal, the plaintiff had been placed in possession, a writ of restitution issue, restoring the defendant to the premises in controversy, and that then the plaintiff's action be dismissed.   The mandate of this court was obeyed, the defendant was restored to the premises in controversy and plaintiff again brought ejectment claiming title under another and different deed of trust, and sale made thereunder: the Howerton

Long v. Long.

deed. The answer was a general denial and also a special defense charging fraud, etc.

In a criminal cause, the statute makes it the duty of this court to examine the record and to give judgment thereon, whether any brief, statement, or assignment of error be filed or not. But in civil actions, the rule is different. In such cases, it is the duty of the parties to make out and furnish this court with a clear and concise statement of the case, and of the points intended to be insisted on in argument. And our rules require that the appellant prepare an abstract of the record, setting forth so much thereof as is necessary to a full understanding of all the questions necessary for a decision. Neither the statute nor our rules have been observed in this case. It is true, we have filed herein a number of abstracts, counter-abstracts, briefs, counter-briefs and supplemental briefs; but from them all, no intelligent idea of the case is to be gained.

Referring to the record, however, we find that after a long and tedious trial, the court instructed the jury to find for the plaintiff that, upon the evidence, he was entitled to recover, giving at the same time a form for their verdict. The court, also, of its own motion gave certain instructions, which are not preserved in the bill of exceptions. The defendant asked twenty instructions, in two series, two in the first, and eighteen in the second, all of which were refused. The jury thereupon returned a verdict for the plaintiff and the defendant has appealed.

Inasmuch as the defendant has failed to comply with the statute and the rules of this court, in clearly setting forth the facts in this case, and the points relied on, and inasmuch as the instructions given by the court of its own motion are not preserved, we shall act upon the familiar presumption that the court below ruled correctly, and accordingly affirm the judgment. All concur, except RAY, J., absent.