Long v. Long, *Appellant.*

Division One, June 20, 1892.

1. **Mortgage**: SALE UNDER JUNIOR MORTGAGE: SUBROGATION. A first mortgagee bought the premises on a foreclosure sale and thereafter quitclaimed to plaintiff, a junior mortgagee, who paid in full the debt secured by the first mortgage. Afterwards it was judicially determined that no title passed by the foreclosure. Plaintiff then sold under his second mortgage, bid in the property and took possession, and by the bill in this case sought to foreclose the mortgagor's equity of redemption under the senior mortgage. *Held*, that he was not entitled to be subrogated to the rights of the holder of the senior mortgage, nor to foreclose the equity of redemption of the mortgagor without including in such foreclosure proceeding the whole indebtedness arising under both mortgages.

2. **Estoppel**: INCONSISTENT POSITIONS. A party will not be permitted to occupy inconsistent positions in court.

3. **Mortgage**: DEFECTIVE FORECLOSURE: ASSIGNMENT. While a defective foreclosure will not pass the legal title to the purchaser, yet it will operate as an assignment to him of the mortgage, if he has paid the purchase money and applied it to the payment of the mortgage debt.

4. ———: ———: ———: SUBROGATION. Where a second mortgagee in order to protect himself is forced to pay off the prior mortgage, he, by operation of law, becomes subrogated to the rights of the first mortgagee, and this is true although he takes no assignment of the mortgage, and it is discharged of record.

5. ———: ———: ———: ———. Where in such case the debtor brings his bill to redeem, the junior lienor is entitled to be reimbursed for the amount so paid.

*Appeal from Knox Circuit Court.*—Hon. Ben E. Turner, Judge.

Reversed and remanded.

A cause entitled as is the present one, and between the same parties litigant, has been before us on two former occasions; and will be found reported in 79 Mo. 644, and in 96 Mo. 180. In the former

Long v. Long.

case, the plaintiff claiming under what is known as the "Bull" or first deed of trust, though successful in an action of ejectment in the lower court, was defeated in this court, and his suit ordered to be dismissed by the lower court on the ground that no default had occurred in the payment of anything due under that deed of trust, and that in consequence thereof no title passed by the sale. In the latter case where the action was also ejectment, and based upon a sale of the same land made under the "Howerton" or second deed of trust, the plaintiff was successful both in the lower and in this court. In the present proceeding begun in December, 1887, the same plaintiff seeks to foreclose the equity of redemption of the defendant in the land in controversy, claiming the right to be subrogated to the rights of the holder of the notes and first deed of trust.

The pleadings in this cause are excessively voluminous, covering some twenty-seven large pages of closely printed matter. It is unnecessary to incumber this record with them. It is thought that the substantial issues raised by the pleadings can be sufficiently presented while discussing those issues without setting them forth in detail.

*O. D. Jones* for appellant.

(1) The court erred in sustaining plaintiff's motion to strike out part of the answer. (2) The court erred in overruling defendant's motion for judgment on the pleadings. (3) The court erred in admitting irrelevant, incompetent and immaterial oral evidence of L. Bull and P. B. Linville. (4) The court erred in finding that plaintiff was in equity entitled to be subrogated to and have the Bull deed of trust foreclosed in his favor. *Heath v. Daggett*, 21 Mo. 69;

*Maguire v. Marks*, 28 Mo. 193; *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; *Jackson v. Magruder*, 51 Mo. 55; *Honaker v. Shough*, 55 Mo. 472, and cases cited; *Jones v. Mack*, 53 Mo. 147; *Davis v. Holmes*, 55 Mo. 349; *Tatum v. Holiday*, 59 Mo. 422; *Long v. Long*, 79 Mo. 644–57.

*Blair & Marchand* and *W. C. Hollister* for respondent.

(1) Plaintiff pleads the prior deed and asks to be subrogated to its terms. To avoid the taint of being a volunteer he pleads the junior one and his second mortgagee relations. ''If it was left out of the case he would stand as a mere volunteer and would have no right to subrogation.'' *Acre v. Hotchkiss*, 97 N. Y. 393; *Warrin v. Baldwin*, 12 N. E. Rep. (N. Y.) 48; *Evans. v. Halleck*, 83 Mo. 376. It is an integral part of his cause of action if he has any. (2) By bringing this action he asserts the relation of mortgagor and mortgagee exists between him and defendant, and is estopped to deny it; the decree finds it. *Conklin v. Smith*, 7 Ind. 107; *Voss v. Eller*, 109 Ind. 260. (3) The demurrer to plaintiff's evidence should have been sustained. (4) Plaintiff had before the sale the right to elect either one of two inconsistent remedies to meet the exigencies of his situation as second mortgagee. Each one of these had its correlative rights and duties. *First.* He could make defendant his mortgagor as to this incumbrance if he chose. But to do it he must make common cause with him. *Second.* By electing to pursue and pursuing the second of these two inconsistent remedies, he has changed defendant's rights and condition, and it is now too late to resort to the first or subrogation theory. ''Election is the right of choice between two or more steps or things by a person not

entitled to all, or it is the choice itself." Bishop on Contracts [Enlarged Ed. 1887] sec. 781. "An election once made binds the party; he is now too late to take the other alternative." Sec. 784, and cases cited. "Election is the right of choice between two or more steps or things by a person not entitled to all." 6 American & English Encyclopedia of Law, p. 247. "An election is binding on the party making it, and he cannot afterwards pursue an inconsistent remedy, though remedy was not had in the first action." P. 250, and cases cited.

SHERWOOD, P. J.—The controlling questions in this cause are two, and these: If there are two deeds of trust on the same piece of land, executed by the same debtor to different parties on different dates, and a sale occurs under the first deed of trust, and an agent of the holder of the first deed and notes bids in the property for the amount of the debt, paying no money on his bid, and afterwards quitclaims to the holder of the second debt and deed, who pays in installments the full amount of such debt to such agent, who pays the same over to his principal, and such purchase is made by the junior lienor in order to protect his lien, and it afterwards turns out that such sale under the first deed of trust is defective by reason whereof no title passed thereby, can the purchaser from the agent be subrogated to the rights of the holder of the first incumbrance, and be entitled to foreclose that deed against the common debtor?

Second, if after such purchase by the junior lienor, and after taking possession by virtue of legal proceedings, he proceeds to sell under his own incumbrance, bids in the property and receives a deed which passes to him the legal title, and such sale occurs pending former litigation between the purchaser who now seeks subrogation and the common debtor, is the purchaser

under the second deed entitled to the subrogation he seeks while he still retains the legal title and possession acquired under the second deed of trust, and yet desires to foreclose only as to the first deed of trust?

The court below took the view that the purchaser was entitled as indicated in the second question, and struck out a portion of the defendant's answer which interposed the second deed, sale and possession taken thereunder as a bar to subrogation and foreclosure under the first debt and deed, and rendered a decree accordingly, from which the defendant appeals.

. I.   The plaintiff, in this cause, as shown by the pleadings and admissions, occupies the anomalous attitude of holding possession of the mortgaged premises under a legal title duly acquired by virtue of a sale under the second or "Howerton" deed of trust, while at the same time seeking by means of the equitable right of subrogation to foreclose the first deed of trust, and the debt thereby secured, upon land which he alleges that he bought in good faith in order to protect his prior lien.   In other words, being the absolute legal owner under the second deed of trust, he seeks to occupy the attitude of the *mortgagee* of the same premises, and to compel the defendant out of whom all title was divested by such sale to occupy the position of *mortgagor*.   This he cannot do.   A party will not be permitted to occupy inconsistent positions in court.   Bigelow on Estoppel [5 Ed.] 717, *et seq.*; *Brown v. Bowen*, 90 Mo. 184.

If plaintiff is the legal owner · of the premises, he has no occasion to come into a court of equity, and no right to come into a court of equity to foreclose an equity of redemption in the defendant which no longer exists.   Besides, the rights of foreclosure and of redemption are *reciprocal*.   2 Jones on Mortgages

Long v. Long.

[4 Ed.] sec. 1146. If one right exists, so does the other; if one is gone, so is the other.

, Now it is clear that if the defendant should choose to exercise the right of redemption, he could only do so by payment of the entire debt, and this is a condition precedent to redemption; and what is true of the original mortgage debt, is also true of a prior incumbrance which the holder of the original mortgage has paid for the benefit of the estate. In order to redeem then, the mortgagor must add the amount so paid to the mortgage debt, not only because the estate is benefited to that amount, but because by paying such incumbrance the holder of the mortgage is subrogated to the claim, and holds it as a charge on the property as much as he does the mortgage on which he has direct title. 2 Jones on Mortgages [4 Ed.] sec. 1070.

If then the defendant in this cause could not *redeem* without paying the sum total of indebtedness as aforesaid, neither could the mortgagee *foreclose* without foreclosing as to the whole amount due. For these reasons, that portion of the defendant's answer which made claim in accordance with the foregoing views should not have been stricken out on plaintiff's motion.

II. The law is well settled that an ineffectual or defective sale, though it pass not the legal title to the purchaser, operates as an assignment of the mortgage to the purchaser if he has paid the purchase money, and it has been applied to the payment of the mortgage debt. 1 Jones on Mortgages [4 Ed.] sec. 812.

And when one who is entitled to redeem pays a mortgage, who is under no obligation to pay it, although he takes no formal assignment of it, he thereby becomes subrogated to the rights of the mortgagee, and no proof is requisite to show intention to keep the mortgage alive, in order that he should have the

benefit of the mortgage. 1 Jones on Mortgages [4 Ed.] sec. 877.

In like manner the same rule holds where a mortgagee in order to his own protection is forced to pay the amount of a prior mortgage on the property; and this is true though he take no assignment of the mortgage, and it is discharged of record. And in such case when the debtor sues to redeem the junior lienor is held entitled to be reimbursed for the amount so paid. 1 Jones on Mortgages [4 Ed.] sec. 878.

Subrogation in such instances arises by operation of law, and is said to rest on a basis of equity or benevolence, and is resorted to for the purpose of doing justice between the parties. 1 Jones on Mortgages [4 Ed.] sec. 874; *Clark v. Wilson*, 56 Miss. 753, and cases cited; Sheldon on Subrogation, secs. 12, 14, 18, 30, 45, 240; *Ryer v. Gass*, 130 Mass. 227, and cases cited. See also other cases from our reports, cited by plaintiff's counsel.

III. On the return of this cause to the lower court, the plaintiff will be allowed to proceed with his foreclosure, provided he include within its scope the whole indebtedness due from the defendant, and shall open the sale heretofore made by him under the second or "Howerton" deed of trust, and shall be treated in all respects as a mortgagee in possession.

Decree reversed and cause remanded. All concur.