FARM & COLONIZATION CO., Limited, v. MELOY *et al.*

1. One who forecloses a junior mortgage, and acquires the legal title, cannot assert a lien under a prior mortgage in an action to quiet title, based on the ownership acquired by said foreclosure.

2. The right to subrogation under a prior mortgage can be litigated only in a proceeding to foreclose said mortgage, in which the junior lienholders are made parties.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Spink county.  Hon. LORING E. GAFFY, Judge.

Action by the Farm & Colonization Company, Limited, against James H. Meloy, Sarah A. Meloy, T. W. Child and Spink county to determine conflicting claims to real property. There was a judgment for defendant T. W. Child, and plaintiff appeals.  Affirmed.

The facts are stated in the opinion,

*John L. Pyle*, for appellant.

The plaintiff was entitled to be subrogated to the rights of the original mortgage and having obtained title under the foreclosure of his mortgage the defendant Child has no further in-

terest in the property. Kelschauer v. Upton, 6 Dak., 449; Baker v. Baker, 2 S. D. 261; Bank v. Clute, 21 N. E. 1021; Clute v. Emmerick, 2 N. E. 6; Denton v. Tyson, 24 S. E. 116; Blair v. Monts, 24 S. E. 621; Bank v. Meyers, 44 Pac. 292; Crippen v. Chappel 35 Kan. 495; Yaple v. Stevens, 35 Kan. 680; Banking and Trust Co. v. Peters, 18 So. 497. One who at the instance of the debtor advances money to be used by the debtor in payment of a prior security is not a stranger or intermeddler in his affairs. Sheldon Subr., § 247; Welton v. Mayberry, 43 N. W. 901; Emmert v. Thompson, 49 Minn. 386; Johnson v. Barrett, 19 N. E. 199; Gilbert v. Gilbert, 39 Ia. 657; 3 Pom. Eq. Juris. § 1212. The fact that the mortgage was paid and intended to be paid is immaterial. Equity will consider it yet alive so long as the rights of parties require. Walker v. King, 45 Vt. 525; Cobb v. Dyer, 69 Me. 494; Wheeler v. Willard, 44 Vt. 640; Barnes v. Mott, 64 N. Y. 397; Loan Co. v. Blalock, 13 S. W. 12; Crippen v. Chappel, 11 Pac. 453; Causler v. Sallis, 54 Miss. 446. Where a release of an original mortgage has been placed upon record by mistake, equity will reinstate the original mortgage and the parties who furnished the money to pay it taking a mortgage for security are subrogated to all the rights of the original mortgages. Emmerick v. Thompson, 52 N. W. 31; Draper v. Ashley, 62 N. W. 707; Thompson v. Ins. Co., 38 N. E. 796; Mortgage Co. v. Tracy, 59 N. W. 1001; Frisbee v. Frisbee, 29 Atl. 1115; Ploeger v. Johnson, 26 S. W. 432; Henser v. Sharmon, 56 N. W. 16; Whitsell v. Loan Agency, 27 S. W. 309; Fears v. Albra, 6 S. W. 286; Rappineir v. Bannon, 8 Atl. 555; Milhulland v. Tiffany, 2 Atl. 831; Morgan v. Hammett, 23 Wis. 30; Bodkin v. Merit, 1 N. E. 625.

*Howard & Walsh*, for respondent.

CORSON, P. J.   This was an action, brought under Section 5449, Comp. Laws, to determine adverse claims.   Judgment for defendant T. W. Child, and the plaintiff appealed.

The plaintiff alleged in its complaint that it was the owner of a certain quarter section of land in Spink county, and that defendants claimed some lien upon or interest in the same, and demanded judgment that such adverse claim be determined, and that the plaintiff be adjudged to be the owner of said property in fee, free and clear of all claims of the said defendants. The defendant T. W. Child answered—the other defendants not appearing in the action—and alleged that on March 27, 1885, the defendants James H. and Sarah A. Meloy, who were then the legal owners of said property, mortgaged the same to him to secure the payment of certain promissory notes executed by them, and that said mortgage still remained in force and unsatisfied.   He further alleged that the only title the plaintiff had to said property, was by virtue of a foreclosure sale made under and by virtue of a mortgage executed by Meloy and his wife on February 1, 1887, and that plaintiff's title is inferior to, and subject to the lien of, defendant's said mortgage.   To this answer the plaintiff filed a reply setting out at length the execution of a prior mortgage by Meloy and wife in 1883, which was paid off by the mortgagee, and, by mistake and misrepresentations of Meloy, was discharged of record; and the plaintiff claims, by virtue of the facts stated, that he is entitled to be subrogated to the rights of the mortgagee in the first mortgage   It will thus be seen that there were three mortgages executed by Meloy and wife, the second of which was executed to the defendant Child, which has not been paid or satisfied. The third mortgage was foreclosed by advertisement, and the

title thereunder is vested in plaintiff. The appellant contends that certain of the court's findings are not supported by the evidence, and it excepted to that part of finding 5 in which the court finds, in effect, that out of the sum for which the third mortgage was given the mortgagee was to satisfy the first mortgage, and was to use the balance to clear off from the title to said land any other liens or incumbrances, or to apply the said balance to said Meloy when said title was so cleared; also to the refusal of the court to add "that said release was filed inadvertently and by mistake," and also in finding "said deed constituted the only title plaintiff had in said premises." It further contends that the court erred in excluding evidence offered by the plaintiff. The respondent insists that plaintiff, having, with full knowledge of the existence of defendant's mortgage, foreclosed its junior mortgage, and thereby acquired the mortgagor's equity of redemption and the legal title, and bringing its action as owner of the property, cannot at the same time, and in the same action, also claim to be a lienholder against its own property. He further insists that the issue as to plaintiff's right of subrogation cannot be litigated in this action, as the establishment of such a right could only avail it in an action to foreclose the first mortgage, and would not have the effect of cutting off the defendant's mortgage, which will remain as a valid, subsisting mortgage until the first mortgage is foreclosed in an action to which he is a party, and the time for redemption has expired. And he further insists that the only issue that could be tried in this action is as to whether or not the defendant Child held a prior and superior mortgage lien to that under which the plaintiff derived its title, and hence the findings as to the first mortgage were immaterial.

We are of the opinion that the respondent is correct in his contention. The action, as will be observed, was based entirely upon plaintiff's ownership, and this could not be changed by the replication. When the respondent established the fact that he held a valid, prior, and subsisting mortgage upon this land, and that plaintiff's title was based upon a foreclosure and sale of a subsequent mortgage by advertisement, he made out a good defense to plaintiff's action. Assuming, as contended by appellant, that the first mortgage, executed in 1883, was discharged of record by mistake, and that appellant is entitled, by virtue of such mistake, to be subrogated to the rights of the mortgagee in that mortgage, yet it could only be so subrogated in an action to foreclose that mortgage, in which Child should be made a party, as he would have the right to contest such subrogation; and, in the event that the appellant succeeded, and foreclosed the first mortgage he would still retain the right to redeem the property, and thus protect himself against the third mortgage, which appellant has foreclosed, and under which it claims title to the property. Neither in this action nor in such an action would the court have the authority to set aside or vacate respondent's mortgage under the facts disclosed in this case. That could only be done where it was shown that respondent's mortgage was fraudulent and void as against the plaintiff. The validity of respondent's mortgage is not questioned; hence a finding by the court that the plaintiff was entitled to be subrogated to the rights of the mortgagee under the first mortgage, and that such lien was prior and superior to respondent's lien under his mortgage, had such a finding been made, would not entitle appellant to recover in this action. It must first foreclose its lien, and cut off the

lien of respondent's mortgage, in the manner prescribed by the statute. In case the respondent failed to make redemption, appellant might acquire a title under the first mortgage. The issues, therefore, raised by the replication, were immaterial, and the findings of the court upon these issues may be entirely disregarded. Hannah v. Chase, (N. D.) 61 N. W. 19; Long v. Long, 111 Mo. 12, 19 S. W. 537; Kalscheuer v. Upton, 6 Dak. 449, 43 N. W. 816. The latter case is cited and relied on by appellant. In that case, however, there was an action to foreclose a mortgage, in which the defendants Upton and Clement were subrogated to the rights of a prior mortgagee; and the priorities of the respective parties were adjudicated in that action, and before a sale under the foreclosure proceedings.

The learned circuit court was clearly right in dismissing the action. The judgment of the circuit court is affirmed.