ALEXANDER STEWART, Respondent, *v.* EDMUND C. BRAMHALL, Appellant.

An accommodation indorser of a promissory note made by a manufacturing corporation, and negotiated for its benefit, cannot defend the same on the ground of usury.

The act of 1850 (chap. 172, Laws of 1850), prohibiting a corporation from interposing the defense of usury, includes the collateral contracts of individuals as sureties, guarantors or indorsers for the corporation.

The fact that the note was discounted under an arrangement between the lender and the indorser, that the former would discount if the latter would indorse, does not affect the legal aspect of the question.

(Argued May 27, 1878 ; decided June 4, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a

judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 11 Hun, 139.)

This action was brought against defendant, as indorser of a promissory note made by "The New York and Silver Peak Mining Company," a corporation organized under the general manufacturing law of this State, payable to the order of defendant, and indorsed by him for its accommodation. The defense was usury.

The referee found, among other things, that the note in suit was one of a number made by said company, for the purpose of raising money for its business, the making of which was authorized by a resolution of its trustees (of whom the defendant and one Roswell S. Burrows were two, and both of whom took part in the adoption of such resolution); that, before the making of the note, it was agreed between defendant and said Burrows that, if defendant would indorse the note, the said Burrows would discount the same, for the benefit of said company, and would pay said company therefor the amount of said note, less twelve and one-half per cent. to be deducted therefrom; and that it was agreed between the maker thereof and the said Burrows that the note should be so discounted; and, in pursuance of the said agreement, the said note was made, indorsed and discounted by said Burrows; that said defendant received no consideration for such indorsement, and said note was never in his possession, except for the purpose of indorsing the same, pursuant to said agreement; and that the discount of the same by said Burrows was the first inception or negotiation of said note.

*Wm. F. Shepard*, for appellant. Defendant's agreement was entirely distinct from the contract of the corporation, and being usurious he is not liable. (*Hungerford B'k* v. *Dodge*, 30 Barb., 626.)

*A. B. Capwell*, for respondent. Defendant was surety for the corporation. (*Pitts* v. *Congdon*, 2 N. Y., 352; *First*

*Nat. Bk.* v. *Morris,* 4 T. & C., 182.) The provision of the act of 1850 (chap. 172), prohibiting a corporation from setting up the defense of usury, is applicable to its sureties. (*Rosa* v. *Butterfield,* 33 N. Y., 665; *Belmont Branch Bk.* v. *Hoge,* 35 id., 65.) The same disability affects an indorser when the corporation is the borrower. (*Union Nat. Bk.* v. *Wheeler,* 60 N. Y., 612; *De Roe* v. *Smith,* 4 T. & C., 690; *Graves* v. *Lovell,* 38 Supr. Ct. R., 154.)

ANDREWS, J. *Rosa* v. *Butterfield* (33 N. Y., 664), is decisive of this case. The note was the valid obligation of The New York and Silver Peak Mining Company, notwithstanding it was received by Burrows under an agreement which would make it usurious if it had been the contract of an individual. Since the act of 1850, contracts of corporations have not been within the usury laws, and the act as construed, includes collateral contracts of individuals as sureties, guarantors or indorsers for a corporation.

The mining company could not therefore have defended the note on the ground of usury, and the defendant who indorsed the note for its accommodation is under the same disability. The arrangement between Burrows and the defendant before the note was made, that the former would discount the note if the defendant would indorse it does not change the legal aspect of the question. The defendant in his answer alleges that he indorsed the note for the accommodation of and at the request of the company. But assuming that he was also influenced by the promise of Burrows to discount the note, if he would indorse it, the consideration for the liability he assumed was the loan to the corporation. The note had its inception when it was delivered by the corporation to Burrows. The corporation was the borrower, and primarily liable on the note, and the defendant was surety merely. As such he must abide by the condition of his principal and has no separate standing in respect to the defense of usury. (*Union National Bank* v. *Wheeler,* 60 N. Y., 612.)

The judgment should be affirmed.
All concur, except ALLEN, J., absent.
Judgment affirmed.