LANE & CO. v. THOMAS R. WATSON AND JAMES WATSON.

1. A corporation of this state having, in New York, made its promissory note, payable there, with endorsers, the contract being at a larger rate of interest than the general statute of such state permitted—*Held*, that by force of another act of New York, neither the corporation or its endorsers could set up the defence of usury.

2. The judicial decisions of the courts of New York with respect to the construction of its own statute law must be accepted as conclusive by the courts of this state.

Rule to show cause, &c.

The suit was brought on a promissory note, dated New York, August 12th, 1887, for $5,000, payable in New York, six months from date, made by the Passaic Bleachery, a corporation of this state, to the order of the defendants, and endorsed by them to the plaintiffs.

It appeared that this note was made and endorsed in pursuance of a written contract between the plaintiffs and the Passaic Bleachery, to the effect that for discounting the note the plaintiffs should receive more than six per cent. per annum.

The cause was tried at Passaic Circuit, and a verdict directed to be found for the defendants.

Argued at November Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the rule, *Barkalow, Pennington & Beam,* and *J. D. Bedle.*

*Contra, M. Dunn.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This was a New York trans-action, and it was admitted that the law of that state was applicable to the affair.

It was shown at the trial, and, indeed, was not disputed, that the money for which the note in question was given was loaned at a rate of interest more than six per cent., and the defendants contended that by a statute of New York such a contract was absolutely void.

But the existence of an act of this character, and which was applicable to this case, was not shown at the trial.    There was no evidence offered on the subject, and it was a mistake to suppose that the pleadings admitted a law to have been in force at the time this contract was entered into.    The plea did nothing more than to allege that by a certain statute of the State of New York all loans on which should be reserved more interest than six per cent. per annum should be void, but it did not give the date of such enactment, nor was it averred that it existed when the agreement on which the de-fence relied was made.    The replication did not, therefore, admit by its silence on the subject anything more than the fact that such a law had been enacted; it did not admit its applicability to the case.

From this obvious defect no legal defence to the action was exhibited at the trial.

But, independently of this defect in the proofs, we likewise are of opinion that the defence was not established.

That defence was the subsistence of usury in the contract which, it was insisted, vitiated such contract by force of the New York statute.    In reply to this contention, the plaintiff pleaded and offered in evidence another statute of that state, passed April 6th, 1850, containing a provision in these words,

viz. : "No corporation shall hereafter interpose the defence of usury in any action."

This act, it is conceded, would debar the Bleaching Company, the corporate maker of this note, from setting up the defence thus inhibited; but it is insisted that such legal bar does not preclude endorsers who are not corporations.

The question thus started relates wholly to the proper interpretation of the statute just quoted; and the subject is fully discussed in the brief of the counsel of the defence, founding their arguments on the language and purpose of the act.

We are, however, of opinion that this matter is not open to discussion before our legal tribunals, inasmuch as the question has been concluded by judicial decisions in the court of last resort in the State of New York. With respect to what is the law within that commonwealth, those adjudications are everywhere of absolute prevalence. In *Green* v. *Neal's Lessee*, 6 *Pet.* 298, it is said by McLean, J. : "The decision of this question by the highest judicial tribunal of a state should be considered as final by this court, not because the state tribunal, in such a case has any power to bind this court; but because, in the language of the court in *Shelby* v. *Guy*, 11 *Wheat.* 361, ' a fixed and received construction by a state, in its own courts, makes a part of the statute law.' "

The leading adjudication in the Court of Appeals in New York relative to the construction and force of the statute in question is that of *Rosa* v. *Butterfield*, 33 *N. Y.* 665, in which it was declared that it operated to make lawful the contract of a corporation for the loan of money to itself which would otherwise be usurious. This being so, it was consistently decided, applying the principle to the facts before the court, that the railroad company having given its promissory note for the payment of a specified sum, with twelve per cent. interest, payable semi-annually, neither the corporate body nor its sureties upon the note could interpose the defence of usury. The same court subsequently declared that this decision settled the law upon the subject. *Stewart* v. *Bramwell*, 74 *N. Y.* 85.

In our own state in this court, the decision in New York

first above cited is treated as a final determination of this question. *Freese* v. *Brownell et al.,* 6 *Vroom* 285.

Let the rule for a new trial be made absolute.