THOMAS R. WATSON ET AL. v. J. HENRY LANE ET AL.

In construing the statutes of another state, the courts of this state must accept, as conclusive, the construction put thereon by the highest judicial tribunal of the former state.

On error to the Supreme Court.

The action was brought by the firm of J. H. Lane & Co. against Thomas R. & James Watson, as endorsers, upon a promissory note for $5,000 and interest, dated and payable in New York, and made by The Passaic Bleachery, a New Jersey corporation, to the order of said Watsons.

After the action had been once tried, a rule to show cause was allowed and afterward made absolute upon the opinion reported in *Lane* v. *Watson*, 22 *Vroom* 186.

At the retrial of the action, a verdict was directed for plaintiffs. Exceptions were taken and this writ of error was brought.

For the plaintiffs in error, *Michael Dunn*, who cited:

*Aymour* v. *Sheldon*, 12 *Wend.* 439; *Everett* v. *Vendoyes*, 19 *N. Y.* 436; *Cook* v. *Littlefield*, 5 *Seld.* 280; *Prentiss* v. *Savage*, 13 *Mass.* 20; *Freedman* ads. *Brittin*, 2 *Harr.* 215; *Levy* v. *Gadsby*, 3 *Conn.* 180; *Billington* v. *Van Wagoner*, 33 *N. Y.* 31; *Post* v. *Bank of Utica*, 7 *Hill* 391; *Mechanics' Bank* v. *Edwards*, 1 *Barb.* 271; *Stockton* v. *Coleman*, 39 *Ind.* 106; *Huntress* v. *Patten*, 20 *Me.* 28; *Hall* v. *Campbell*, *Cowp.* 208; *Ruding* v. *Smith*, 2 *Hagg.* 383; *Farey* v. *Gravesend*, 6 *Cent. Rep.* 501; *Murray* v. *State*, 21 *Tex. App.* 620; *Scoville* v. *Canfield*, 14 *Johns.* 338; *Faulkner* v. *Hart*, 82 *N. Y.* 413; *Freese* ads. *Brownell*, 6 *Vroom* 285; *Bramhall* v. *Atlantic Nat. Bank*, 7 *Id.* 243; *State Bank of Ohio* v. *Paige*, 35 *N. Y.* 65; *Union Nat. Bank* v. *Wheeler*, 60 *Id.* 612; *Stewart* v. *Bramhall*, 74 *Id.* 85; *Merchants' Nat. Bank* v. *Com. Warehouse Co.*, 49 *Id.* 636; *Durant* v. *Banta*, 3 *Dutcher* 637.

For the defendants in error, *Barkalow, Pennington & Beam,* who cited:

*Freese* v. *Brownell,* 6 *Vroom,* 285; *Bramhall* v. *Atlantic Bank,* 7 *Id.* 243; *Green* v. *Neal's Lessee,* 2 *Pet.* 298; *Shelby* v. *Gay,* 11 *Wheat.* 361; *Rosa* v. *Butterfield,* 33 *N. Y.* 669; *Stewart* v. *Bramhall,* 74 *N. Y.* 85; *Leake* v. *Bergen,* 12 *C. E. Gr.* 360; *Uhler* v. *Temple,* 5 *Id.* 238; *Butterworth* v. *O'Brien,* 33 *N. Y.* 665; *State Bank* v. *Paige,* 35 *Id.* 65; *Merchants' Exchange Nat. Bank* v. *Com. Warehouse Co.,* 49 *Id.* 636; *Butterworth* v. *O'Brien,* 23 *Id.* 275; *Curtis* v. *Leavitt,* 15 *Id.* 85.

The opinion of the court was delivered by

MAGIE, J.  The assignments of error present two questions: (1) whether there was error in the conclusion that the promissory note sued on was a New York contract; and (2) if not, was the law of New York properly interpreted and applied to that contract.

The first question must be answered in the negative.  The note in question bore date in New York and was, by its terms, payable at a bank in that city.  While it appeared that the seal of the maker, a corporation, was affixed to the paper in New Jersey, and the endorsements were written thereon in the same state, it also appeared that the note was thereafter transmitted to New York and there delivered to plaintiffs below. This was done in conformity with written agreements between them and the maker, which contained an express stipulation that certain notes (of which this was one) were to be contracts governed by the laws of New York.  Of this stipulation the defendants below were aware, for they were officers of the corporation which made it and signed the agreements containing it in behalf of that corporation.

The contract was therefore one which, by delivery, became complete in New York, and it was to be performed in that state.  The intent of the contracting parties was, that it was to become a contract of that state.

It was properly held that the note was a New York contract, amenable to the laws of that state.

Upon that determination it became necessary for the trial judge to apply the law of New York, respecting the effect of a stipulation for the payment of usurious interest, upon such a contract. For the defence was usury, and it was claimed that by the general law of New York (which was in evidence) such a contract, if tainted with usury, was wholly void. The written agreements, above referred to, contained stipulations for the payment, on this and other notes, of a rate of interest exceeding that allowed by law.

But among the laws of New York put in evidence was one forbidding any corporation to interpose the defence of usury in any action, and it became necessary to determine the effect of that law upon the note in suit.

The trial judge interpreted it as excluding the defence of usury, on the part of the endorsers, and (no other defence being made) he directed a verdict for plaintiffs below for the full amount of the note. In so doing he adopted the views expressed in the Supreme Court in disposing of a rule to show cause in the case. *Lane* v. *Watson*, 22 *Vroom* 186.

Two propositions were announced by the Supreme Court, viz., (1) that the courts of this state, when construing the laws of another state, must accept, as conclusive, the construction put thereon by its highest judicial tribunal; and (2) that the court of last resort in New York had settled the construction of the statute in question, and had interpreted it as making valid the contracts of corporations otherwise usurious and forbidding a defence of usury to guarantors or endorsers upon such contracts.

I think nothing can be added to what was said by the Chief Justice in the opinion delivered in the Supreme Court. I entirely concur in the views expressed and conclusion reached by him.

There was therefore no error committed in excluding the defence of usury set up by endorsers on this contract.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, MAGIE, REED, BROWN, CLEMENT, COLE, SMITH, WHITAKER.   10.

*For reversal*—None.