THE ALLEGHANY COMPANY, PLAINTIFF, DEFENDANT IN ERROR, v. ISAAC N. E. ALLEN ET AL., DEFENDANTS, PLAINTIFFS IN ERROR.

Argued March 6, 1903—Decided July 20, 1903.

1. A contract void by the law of the state where made will not be enforced in this state.

2. When the statute of the state where a contract is made does not expressly declare the contract to be void, and recourse.must be had to interpretation to settle the question of its validity, the construction given to the statute by the courts of the state which enacted it will be adopted here.

3. The tendency of judicial decision on this subject, when the statute does not declare the contract to be void, is to a strict construction, maintaining the validity of the contract, and holding that the only effect of such legislation in the state where it is enacted is to impose the prescribed penalties and the expressed disabilities. Outside of such state, until its courts give the legislation a wider scope, no greater latitude will be attributed to it.

4. The New York statute provides that no foreign corporation shall do business in that state without having first obtained the certificate required by the act, and that no foreign corporation doing business in that state shall maintain any action upon it in that state unless, prior to the making of such contract, it shall have procured such certificate. Held, the only penalty prescribed by the New York act is a denial of the right to maintain an action in that state; it does not attach to the contract so as to deprive it of a suable quality in this state.

5. Disqualifications of a penal character have no extra-territorial operation, and comity does not require a recognition of them in other states.

6. The courts of Pennsylvania have adjudged that a contract made by a foreign corporation in contravention of the statute of that state is void, and therefore that effect will be given to it in this forum.

7. The Pennsylvania courts have also construed their statute, as we do our own, and hold that isolated acts of business are not a violation of it.

8. The special plea in bar in this case sets up no facts which are inconsistent with the legality of the contract, as the consummation of an isolated transaction in Pennsylvania.

9. To constitute a bar to an action on a contract, by setting up a highly penal statute, there must be a precise averment of sufficient facts to bring the case within the statute; it cannot be based upon inference.

10. Greater strictness is required in framing pleas in bar than is exacted in declarations. In pleading a promise which must be in writing, the declaration need not aver that it is in writing, but it is otherwise when such a promise is set up in a plea in bar.

On error to the Supreme Court.

For the plaintiffs in error, *Lindabury, Depue & Faulks.*

For the defendant in error, *James A. Gordon.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was instituted in the Supreme Court to recover the amount due upon a promissory note dated July 16th, 1900, given by the defendants Isaac N. E. Allen & Company to the plaintiff company for $1,989.54, upon which payments amounting to the sum of $1,000 were endorsed.

The defendants pleaded four several pleas:

*First.* The general issue.

*Second.* That the said promissory note was executed and delivered in the State of New York to the plaintiff company, a business corporation created and existing under the laws of the State of North Carolina; that when said note was executed and delivered, it was provided by the statute of the State of New York that "no foreign corporation  *  *  * shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate."

The New York law as originally passed was less stringent, and provided as follows: "No foreign stock corporation doing business in this state without such certificate shall maintain

any action in this state upon any contract made by it in this state until it shall have procured such certificate." *Laws of* 1892, *ch.* 687, § 15.

The statute was subsequently amended and was in the form above set forth at the time the said promissory note was given.

The second plea further averred that at the time of the making of the said promissory note, the plaintiff was a business stock corporation, other than a moneyed corporation, foreign to the State of New York, and had not theretofore procured from the secretary of state of said State of New York a certificate that it had theretofore complied with all the requirements of the law of said state to authorize it to do business in said state, and that the business of said plaintiff to be carried on in said state was such as might be lawfully carried on by a corporation incorporated under the laws of said state for such or similar business, according to the form of the said statute of New York in such case made and provided.

And the said plea further averred that the said plaintiff, at the time of the making of the said promises and undertakings and at the times of the sale and delivery of the goods and chattels for which the said promissory note was given, was doing business in the said State of New York, contrary to the form of the statute aforesaid, and that said goods and chattels were sold and delivered by the plaintiff to the defendants in the State of New York.

*Third.* The third plea sets out that the said promissory note was made and executed in the State of Pennsylvania to the plaintiff company, a foreign corporation created and existing under the laws of the State of North Carolina.

That when said note was executed and delivered, it was provided by the statute of the State of Pennsylvania that:

"1. No foreign corporation shall do any business in this commonwealth until said corporation shall have established office or offices and appointed an agent or agents for the transaction of business therein.

"2. It shall not be lawful for any such corporation to do any business in this commonwealth until it shall have filed in the

office of the secretary of the commonwealth a statement under the seal of the said corporation, and signed by the president or secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its attorney, agent or agents therein, and the certificate of the secretary of the commonwealth under the seal of the commonwealth of the filing of such statement shall be preserved for public inspection by each of said agents in each and every of said offices.

"3. Any person or persons, agents, officers or employes of any such foreign corporations who shall transact any business within this commonwealth for any such foreign corporation without the provisions of this act being complied with shall be guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment not exceeding thirty days, and by a fine not exceeding one thousand dollars, or either, at the discretion of the court trying the same."

The said plea further averred that at the time of the making of the said promissory note the said plaintiff was a corporation foreign to the said Commonwealth of Pennsylvania and had not theretofore filed in the office of the secretary of the said commonwealth a statement under the seal of said plaintiff, and signed by the president or secretary thereof, showing the title and object of said plaintiff, the location of its office or offices, and the name or names of its authorized agent or agents therein, according to the form of the said statute of the said commonwealth.

And the said plea further averred that, notwithstanding the said premises, the said plaintiff, at the time of the making of the said promissory note, did business in the said Commonwealth of Pennsylvania, contrary to the form of the said statute.

*Fourth.* The fourth plea alleges that the plaintiff joined with other creditors in accepting and receiving a percentage of its claim in full satisfaction of its said promissory note, and discharged the defendant from further liability thereon.

The plaintiff demurred to the second and third pleas, which, on argument before the Supreme Court, were held to be no

sufficient answer to the plaintiff's cause of action, and the cause was thereupon sent down to the Circuit Court of Hudson county for trial on the issue of fact raised by the fourth plea.

The trial judge there directed a verdict for the plaintiff, and we are of opinion that in such direction there was no error, for the reason that there was no evidence which would have justified the jury in finding that the plaintiff, through its agent, or otherwise, had accepted the offer of settlement.

Error is assigned upon this direction of the trial judge, and also upon the judgment of the Supreme Court upon the demurrers to the second and third pleas aforesaid.

The first question to be considered is whether the contract made in New York can be enforced in this state.

There are two settled rules which must be applied to the determination of this question, as well as to the effect of the Pennsylvania statute.

*First.* A contract void by the law of the state where made will not be enforced in this state. *Columbia Fire Insurance Co.* v. *Kinyon,* 8 *Vroom* 33.

A contract void at the place where made is illegal and void everywhere. *Hyde* v. *Goodnow,* 3 *Comst.* 266.

*Second.* Where the statute of the state where the contract is made does not expressly declare the contract to be void and recourse must be had to interpretation to settle the question of its validity, the construction given to the statute by the courts of the state which enacted it will be adopted here. *Lane* v. *Watson,* 22 *Vroom* 186; same case affirmed, 23 *Id.* 550.

If, therefore, the New York statute expressly declared the promissory note in suit to be a void contract, or if the courts of New York have adjudged that the statute of that state is to be construed to that effect, the same effect must be given to it here, and it must be held to furnish no legal foundation for an action in our courts.

The New York statute does not in terms declare the contract void; it provides that no suit on it shall be maintained in that state. No case has been brought to our attention in

which the courts of New York have held that under the stat-ute as it now exists the contract made in that state is void.

In *Newchatel Asphalt Co.* v. *The Mayor,* 155 *N. Y.* 373, which was an action upon a contract made under the law as framed in 1892, the New York Court of Appeals decided that the purpose of the act was not to avoid contracts, but to pro-vide effective supervision and control of the business carried on by foreign corporations; that it provided no penalty in the event of non-compliance, other than the suspension of civil remedies, and that such, and such only, were the conse-quences of the violation of the statute, and none other will be implied as intended by the legislature.

This construction of the statute is manifestly the correct one, and it has been adopted by other courts. *Mills* v. *God-dard,* 69 *Fed. Rep.* 141; *Sullivan* v. *Beck,* 79 *Id.* 200; *Ameri-can Insurance Co.* v. *Wellman,* 69 *Ind.* 413.

When the rule of comity is invoked, it might with equal force have been insisted under the New York act, as it stood in 1892, that the contract should not be suable outside of the State of New York until compliance with the statutory provi-sions of that state.

Comity does not require a broader effect to be given to legislation than the state which enacts it impresses upon it. The North Carolina corporation may justly claim the right to enforce in our jurisdiction a contract which has not been pronounced to be void either by the legislature or the judi-ciary of New York.

Personal disqualifications, and especially such as are of a penal nature, are strictly territorial in their operation. *Story Confl. L.,* § 104.

The New York legislature had the exclusive right to de-clare what consequences should follow the failure to comply with the law in order to secure effective control over the business, and having in the act provided for no penalty on the foreign company other than denial of the right to main-tain an action in New York, the courts of this state should not penalize the foreign corporation to a greater extent by declaring the contract void, or by increasing the disability

imposed by the New York act. State laws have no extra-territorial effect for the enforcing of penalties.

The fact that the amendment of the act of 1892 provides that "no action shall be maintained in New York upon any contract made by it in that state unless prior to the making of such contract it shall have procured the certificate," without declaring that in such case the contract shall be void, suggests very strongly the inference that the New York legislature did not intend to give it that effect.

The tendency of judicial decision on this subject, where the statute does not declare the contract to be void, is to a strict construction, maintaining the validity of the contract, and holding that the only effect of such legislation in the state where it is enacted is to impose the prescribed penalties and the expressed disabilities. Outside of such state, until its courts give the legislation a wider scope, no greater latitude will be attributed to it. See cases cited in 6 *Thomp. Corp.*, § 7957.

In my judgment, the second plea is no bar to the plaintiff's right of action.

The Pennsylvania statute remains to be considered.

It expressly provides that it shall not be lawful for the corporation to do business in that state until compliance, and makes the agent or officer of the corporation, through whom a corporation must necessarily act, subject to indictment and imprisonment for violation of the act.

The courts of Pennsylvania, we think, have properly held that a contract made in violation of the statute is void, and that must be the accepted law in this state. *Lasher* v. *Stimson,* 145 *Pa. St.* 30; *Delaware River Quarry Co.* v. *Bethlehem,* 53 *Atl. Rep.* 533.

If, therefore, the third plea contains averments which show that the promissory note sued on was a contract made in contravention of the Pennsylvania statute, it is void and unenforceable in New Jersey.

In *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 34 *Vroom* 281, this court said that a foreign corporation which makes a single sale of its product and accepts a guarantee of

payment in this state, does not transact business in contravention of our statute which prohibits foreign corporations to transact any business in this state without authority first obtained therefor.

In the recent case of *Delaware River Quarry Co.* v. *Bethlehem, supra,* in the Supreme Court of Pennsylvania, Judge Fell, in delivering the opinion of the court, said: "This act has been liberally construed, and isolated transactions between a foreign corporation and citizens of this state have been held not to come within its prohibition."

The cases on this subject are cited in the opinion of Judge Scott in the court below, which appears on page 533.

Judge Mitchell, who dissented from the opinion delivered by Judge Fell, on other grounds, said: "The act of 1874 is a highly penal act, and the dishonest use made of it in this case is a sharp reminder of the necessity of adherence to the general rule of strict construction of such statutes. This was but a single transaction, although it occupied several months. I cannot consider it a 'doing of business' within the statute."

The controversy as to the third plea turns, therefore, upon the question whether it contains allegations which show the said promissory note was given in pursuance of business carried on in the State of Pennsylvania, and not in consummation of a single transaction.

The plea as to the New York statute is much broader and more ample than the third plea.

It avers that at the time of the sale and delivery in New York of the goods for which the note was given, the plaintiff was doing business in New York contrary to the statute of that state.

The third plea, after reciting the Pennsylvania statute, avers that at the time of making the note the plaintiff was a foreign corporation which had not complied with the requirements of the said statute.

The only averment to bring the plaintiff within the penalty of the act is that at the time of making the said note the

plaintiff did business in the State of Pennsylvania contrary to the form of the statute.

There is no intimation in this plea, certainly no allegation, that this note had any connection with business unlawfully transacted in Pennsylvania, or that it was given for goods sold and delivered in Pennsylvania.

The demurrer admits that the note was given in Pennsylvania, and it also admits that at the time the note was given the plaintiff did business in the state contrary to its statute, but it does not admit that of that unlawful business this note was a product. The admitted averments may be true, and yet the note may have been given for an obligation contracted out of the State of Pennsylvania, and consequently not in violation of its laws. It is quite clear, under the Pennsylvania cases, that the agent of the plaintiff would not have subjected himself to the penalties of the act by taking a note to the company for such a debt.

The institution of a suit to collect a loan, the taking a subscription to capital stock, the purchase of shares of stock in Pennsylvania corporations, or buying merchandise to use at home, executing a lease of personal property, and any other isolated act which from its nature is not continuous, are transactions which are held not to be in contravention of the Pennsylvania statute.

The cases are cited in *Delaware River Quarry Co.* v. *Bethlehem Railway Co., supra.*

The averment in the third plea might be made if the only act of the plaintiff in the State of Pennsylvania had been the taking of the note sued on. The taking of a note is a business act, and in taking it the plaintiff did business, but such a transaction is not prohibited.

The rule of pleading is well settled that to defeat the plaintiff's right of action the plea must contain allegations which show conclusively that there is no cause of action.

It is a maxim in pleading that everything shall be taken most strongly against the party pleading, or rather, that if the meaning of the words be equivocal, they shall be construed most strongly against the party pleading them, for it

is to be intended that every person states his case as favorably to himself as possible. 1 *Chit. Pl.* 242; 1 *Saund.* 259 (*note* 8).

This rule applies with even more strictness to pleas than to a declaration—where a plea has two intendments, it shall be taken most strongly against the defendant.

In pleading a promise, which must be in writing, the declaration need not declare that it is writing, but it is otherwise in a plea. 1 *Chit. Pl.* 522, 303; 1 *Saund.* 276a, 277a, and *note; Gould Pl., ch.* 4, § 46.

To constitute a bar to an action on a contract by setting up a highly penal statute, there must be a precise averment of sufficient facts to bring the case within the statute; it cannot be based upon inference.

Contrary to my first impression my conclusion is that the third plea discloses no defence to the action, and the judgment of the Supreme Court on the demurrers, as well as the judgment of the trial court, should be affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, HENDRICKSON, PITNEY, SWAYZE, VREDENBURGH, VOORHEES, VROOM, GREEN. 10.

*For reversal*—None.