(70 Misc. Rep. 535.)

WEINREB et al. v. COLEMAN STABLE CO. et al.

(Supreme Court, Appellate Term. February 9, 1911.)

USURY (§ 127*)—DEFENSE BY ACCOMMODATION INDORSER OF CORPORATION'S NOTE.

General Business Law (Consol. Laws, c. 25) § 374, inhibiting corporations from interposing the defense of usury, prevents an accommodation indorser of a corporation's note availing of such defense.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 375; Dec. Dig. § 127.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Weinreb and another against the Coleman Stable Company and others. From a judgment on a verdict for defendants, and from an order denying a motion for new trial, plaintiffs appeal. Reversed, and new trial ordered.

See, also, 125 N. Y. Supp. 1149.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Adolph Freyer, for appellants.

May & Jacobson (David May, of counsel), for respondents.

LEHMAN, J. Plaintiffs are holders of two notes made by the Coleman Stable Company, a corporation, and indorsed by John S. Coleman, Daniel J. Coleman, and Edward Coleman for the accommodation of the maker. The maker was apparently not served. The indorsers, when sued, pleaded usury and other defenses.

Section 374 of the general business law (Consol. Laws, c. 25) is a re-enactment of chapter 172 of the Laws of 1850, and provides that no corporation shall hereafter interpose the defense of usury in any

action.   In the case of Stewart v. Bramhall, 74 N. Y. 85, it was held
that:

"Since the act of 1850 contracts of corporations have not been within the
usury laws, and the act as construed includes collateral contracts of indi-
viduals as sureties, guarantors, or indorsers for a corporation."

This construction of the statute is now the settled law of this state.
The defendants, however, urge that it does not include an accommo-
dation indorser.   They cite as authority the case of National Bank v.
Lewis, 75 N. Y. 516, 31 Am. Rep. 484, but that case is not in the
slightest degree in point.   It holds only that the defense of usury is
not personal to the maker alone of a note, but may be availed of by
a guarantor in all cases where it could be pleaded by the original
debtor.   It is not inconsistent with, and in no way supersedes, the
decision of Stewart v. Bramhall, supra, that an accommodation in-
dorser of a note made by a corporation and negotiated for its benefit
cannot defend the same on the ground of usury.

The defendants also urge that this point was not properly raised at
the trial.   There is no doubt that the plaintiffs' attorney laid very
little stress on this point at the trial, and, while he objected to the in-
troduction of this evidence, he failed to object on this specific ground.
He did, however, at the end of the defendants' case, move on this
ground to strike it out, and this motion should have been granted.
After this motion was denied, it would have been idle to request a di-
rection of a verdict on this same ground.   Since the judgment must
be reversed, and a new trial granted, it is unnecessary to consider
any of the other alleged errors.

Judgment reversed, and new trial ordered, with costs to appellants
to abide the event.   All concur.