THE PEOPLE *ex rel.* Chicago Bar Association, Relator, *vs.* LEO W. WHEELER, Respondent.

*Opinion filed June 18, 1913.*

DISBARMENT—*mere loaning of money at usurious rates is not ground for disbarment.* The mere fact that an attorney at law loans money at usurious rates is not ground for disbarment, there being no proof that he is conducting the business in an improper or fraudulent manner or that he is imposing upon the weak and ignorant and unjustly increasing the burden of their debts.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

CHARLES R. NAPIER, for respondent.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon an information filed, a rule was entered against the respondent requiring him to show cause why he should not be disbarred. The relator now moves to make the rule absolute upon the respondent's answer.

The information charges the respondent with being engaged in the "loan shark" business, so called, which is said to consist in the loaning of small amounts of money to clerks and other salaried employees, and to other persons, on chattel mortgages covering household goods, etc., at usurious rates of interest, from ten per cent upwards a month; that in the conduct of the business he fraudulently uses his office and license as an attorney to assist him in fraudulently and corruptly coercing payment, and requires applicants for loans to execute assignments for wages in blank, and notes with powers of attorney to confess judgment. Two specific instances of usurious loans are given, stating dates and amounts, and several persons are named who are alleged to have borrowed sums of money on which interest was charged and collected at a rate above 120 per

cent per annum, and a general charge is made, without specification, that on various loans made by the respondent, interest was charged and collected by him at a rate of 400 per cent per annum and more. Various allegations as to the methods of the respondent in the conduct of his business are made, which are of no importance since they are denied by his answer. A copy of a notice to borrowers alleged to have been used to coerce payments is also set out.

The answer of the respondent admits that he is engaged in lending money and that some of his loans are secured by assignments of wages, but denies that he lends money on chattel mortgages. It sets out a copy of the obligation of the borrower, containing a power of attorney to confess judgment and of the assignment of wages, which he uses. It is averred that the rates of interest charged vary, depending upon the hazard of the particular loan and the demand for money, the minimum rate contracted for or received being two and a half per cent a month and the maximum ten per cent; that the rate actually received is frequently much less than that provided for in the contract; that the amount of interest is computed and included in the note when the loan is made, and the time the notes run after maturity, when they draw no interest, materially reduces the rate, and that these rates are necessary to the maintenance of the business at a reasonable profit. The respondent denies as specifically as they are alleged, the general charges of using his office and license as an attorney to assist him in fraudulently and corruptly coercing payment and the allegations as to the methods of conducting his business. He gives the particulars of the two specific transactions which are mentioned in the information, and denies collecting interest in excess of 120 per cent per annum of the persons named in the information. He admits using the form of notice mentioned in the information as the last step before bringing suit, but denies that he has used the notice for the purpose of extorting attorney's fees or usury.

The motion of the relator is based upon the respondent's admission that the interest rates charged and received by him vary from two and a half to ten per cent a month and that he uses the notice mentioned in the information. The objection made to the use of this notice is, that it is so drafted as to induce persons receiving it to believe that court action is being taken against them and that it falsely claims attorney's fees to be due. The notice states the amount due for the balance of note and attorney's fees. The respondent in his answer states that it has never been used to extort an attorney's fee, that he has never received or demanded attorney's fees from persons indebted to him for loans, and that such persons have only paid attorney's fees when their notes have been placed for collection with attorneys not connected with the respondent's business, who prosecuted the suits and received the fees allowed by the court. The notice does not purport to indicate that any court proceedings have been begun, but, on the contrary, expressly states that if the amount due is not paid by a certain time suit will be brought forthwith.

The only question in the case is whether the lending of money at a usurious rate of interest is sufficient ground for the disbarment of an attorney. The answer is to be taken as true. No single circumstance of hardship or oppression is suggested, unless the mere fact of a usurious loan on an assignment of wages is such a circumstance. No individual is shown ever to have complained of the respondent's acts or supposed himself to have been wronged. The defendant's rates varied from two and a half to ten per cent a month. The law permits pawnbrokers to charge three per cent a month, yet a pawnbroker's business would not, of itself, prevent his admission to the bar. A candidate for admission to the bar must show that he is possessed of a good moral character, and one who has been admitted may be disbarred if he has lost that character. Usury is not an offense against the law in Illinois. Of itself it is not im-

moral. It would be contrary to common experience to say that a man who lends money at usurious rates is for that reason, alone, not a man of good moral character. If the respondent's answer was not true; if he was conducting his business in a fraudulent and oppressive manner; if he was imposing upon the weak and ignorant and unjustly increasing the burden of their debts, an issue of fact should have been made. The facts appearing in the record do not justify the disbarment of the respondent.

The rule will be discharged.          *Rule discharged.*