THE PEOPLE *ex rel.* Frederick S. Oliver *et al.* Relators, *vs.* LEWIS G. STEVENSON, Secretary of State, Respondent.

*Opinion filed February 16, 1916—Rehearing denied April 5, 1916.*

1. CONSTITUTIONAL LAW—*when act is invalid as amending another act though purporting to be an independent act.* · Although an act purports to be an independent act and does not purport to amend any prior act, yet if it makes changes in an existing act by adding new provisions and mingling the new with the old on the same subject, so as to make of the old and the new a connected piece of legislation covering the same subject, the later act must be considered as an amendment of the former and is in violation of section 13 of article 4 of the constitution.

2. SAME—*Real Estate Agency Corporation act is in violation of section 13 of article 4 of constitution.* The Real Estate Agency Corporation act of 1915, (Laws of 1915, p. 330,) although it purports to be an independent act, is, in effect, merely an amendment of sections 1 and 5 of the general Incorporation act and is in violation of section 13 of article 4 of the constitution, providing that "no act shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

ORIGINAL petition for *mandamus.*

EDWARD P. VAIL, JOHN LYLE VETTE, DONALD P. VAIL, JOHN L. PEARSON, and WALTER D. HERRICK, for relators.

P. J. LUCEY, Attorney General, and THOS. E. DEMPCY, for respondent.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an original petition for *mandamus,* filed in this court by Frederick S. Oliver, M. E. Merkel and A. M. Dean, asking that Lewis G. Stevenson, Secretary of State, be commanded to issue a certificate of the complete organization of a corporation known as "Oliver & Company (Incorporated)," pursuant to the provisions of an act entitled "An act concerning real estate agency corporations," approved June 23, 1915. (Laws of 1915, p. 330.) The petition alleges that all the steps prescribed by the general In-

corporation act have been taken to organize a corporation pursuant to the provisions of the Real Estate Agency Corporation act, under the corporate name of Oliver & Company (Incorporated), but that respondent refuses to issue a certificate of the complete organization of the corporation. Respondent has demurred to the petition and the cause has been submitted upon the petition and the demurrer.

The only question presented for our determination is whether the act of June 23, 1915, is in violation of that portion of section 13 of article 4 of the constitution which is as follows: "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

The title of the act in question is, "An act concerning real estate agency corporations." The act is as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That corporations may be formed in the manner provided by the general incorporation laws of this State, being an act entitled, 'An act concerning corporations,' approved April 18, 1872, and in force July 1, 1872, and all acts amendatory thereof, for the purpose of carrying on the real estate agency business, and when so formed shall be subject to all provisions of law now or hereafter in force applying to corporations organized under said general incorporation laws.

"Sec. 2. Real estate agency business within the meaning of this act shall consist of acting as agent for others in the purchase, sale, renting and management of real estate and leasehold interests, and acting as agent for others in the negotiation of loans on real estate and leasehold estates, and no real estate agency corporation shall acquire or own real estate or any interest therein except that it may lease an office or offices in which to conduct its agency business."

Section 1 of the general Incorporation act, referred to in the act, provides that corporations may be formed in the manner provided by the act for any lawful purpose except

banking, insurance, real estate brokerage, the operation of railroads, and the business of loaning money. Section 5 of the act provides, among other things, that corporations formed under the act may own, possess and enjoy so much real and personal estate as shall be necessary for the transaction of their business, and may sell and dispose of the same when not required for the uses of the corporation. This section also provides that corporations may borrow money at legal rates of interest and pledge their property, real and personal, to secure the payment thereof, and provides specifically for the manner in which any surplus real estate acquired in satisfaction of any liability or indebtedness may be disposed of each year.

It is the contention of respondent that the act in question violates section 13 of article 4 of the constitution for the reason that it is but an amendment of sections 1 and 5 of the general Incorporation act. As has been noted, section 1 of the Incorporation act prohibits the forming of corporations to transact the business of real estate brokerage. While petitioners contend that real estate brokerage and real estate agency business, as the same is defined in section 2 of the act in question, are not synonymous, they concede that real estate agency business, as therein defined, is the broader of the two terms and includes everything included within the term "real estate brokerage." This concession is in accord with the generally understood meaning of the term "real estate brokerage." It will therefore be seen that so far as authorizing the forming of a corporation for the purpose of carrying on the real estate agency business is concerned, the same result could have been obtained by amending section 1 of the general Incorporation act by striking out the words "real estate brokerage." The definition contained in the new act would then have been immaterial, as a corporation could have been formed under the general act for all the purposes enumerated in the definition in section 2 of the act in question.

The only other new matter contained in the act is the provision found in section 2 that no real estate agency corporation shall acquire or own real estate or any interest therein, except that it may lease an office or offices in which to conduct its business. This constitutes an exception to the provisions of section 5 of the Incorporation act. While the act pretends to be a complete and independent act it does no more than change the provisions of sections 1 and 5 of the general Incorporation act. Its whole purpose could have been accomplished by making slight amendments to these two sections of the general act. It is not complete within itself. It refers to and depends upon the general Incorporation act for every step necessary to be taken in the formation of a corporation, and its only effect is to change the provisions of two of the sections of the general act. While it is true, as petitioners contend, that the mere fact that the act refers to the general Incorporation act as prescribing the method by which corporations might be formed does not necessarily render it void as in violation of section 13 of article 4 of the constitution, there is nothing contained in the act, aside from this reference to the general Incorporation act, except amendments of two of the sections of that act. Such changes are made in the general Incorporation act by the act in question, by striking out old and by adding new provisions, that the two acts make a connected piece of legislation covering the same subject and must be read together. Even though an act profess to be an independent act and does not purport to amend any prior act, still if it makes changes in an existing act by adding new provisions and mingling the new with the old on the same subject, so as to make of the old and the new a connected piece of legislation covering the same subject, the latter act must be considered an amendment of the former and as within the constitutional prohibition. (*People v. Knopf,* 183 Ill. 410; *O'Connell v. McClenathan,* 248 id. 350; *Lyons v. Police Pension Board,* 255 id. 139; *Galpin*

v. *City of Chicago,* 269 id. 27.) This act clearly violates section 13 of article 4 of the constitution, and is therefore void.

The demurrer to the petition is sustained and the writ of *mandamus* is denied.          *Writ denied.*