(No. 17000.—Reversed and remanded.)
W. G. Tennant, Appellant, *vs.* Arnold Joerns *et al.*
Appellees.

*Opinion filed February 24, 1928.*

1. Corporations—*paragraph 7 of section 6 of Corporation act, in regard to usury, is not invalid.* Paragraph 7 of section 6 of the Corporation act, providing that corporations may borrow money at any rate of interest, "without regard to or restrictions under any usury law," does not violate section 13 of article 4 of the constitution, as the act is complete in itself and is not an amendatory act within the meaning of the constitutional provision, and the provision in regard to borrowing money and rates of interest is germane to the title of the act.

2. Same—*effect of paragraph 7 of section 6 of Corporation act, in regard to rates of interest.* The effect of paragraph 7 of section 6 of the Corporation act, providing that corporations may borrow money at any rates of interest, is not to completely annul or abrogate the provisions of the Interest act as to usury but to withdraw from its operation loans made to corporations at rates of interest which would otherwise be unlawful and to leave the Interest act in full force and effect as to any and all other loans.

3. Usury—*defense of usury may be abrogated by statute.* The defense of usury is not founded on a common law right and it is clearly within the power of the legislature to take it away, as usury is not a crime in itself and its defense to a suit depends upon the statutes.

4. Same—*when defense of usury cannot be invoked by guarantors of notes of corporation.* The liability of a surety is no greater and no less than that of the principal, and where the defense of usury cannot be invoked by a corporation it cannot be invoked by guarantors who are defendants to a suit on notes of the corporation.

Appeal from the Circuit Court of Cook county; the Hon. Phillip L. Sullivan, Judge, presiding.

William McKinley, and Paul E. Price, for appellant.

James Edgar Brown, for appellees.

Per CURIAM: Appellant, as plaintiff below, brought an action of assumpsit against appellees, as defendants, who were guarantors of certain promissory notes made by the Knickerbocker Manufacturing Company, a corporation. To the declaration appellees filed a plea of usury, alleging that the Knickerbocker Manufacturing Company on March 24, 1922, executed eleven notes, of $1000 each, for a loan to the corporation of $10,000; that the eleven notes were due consecutively from one to eleven months after their date, and that appellees guaranteed their payment. The plea alleges that the eleventh note for $1000 was given pursuant to a contract for usurious interest; that the maker and the guarantors of the notes had paid appellant $10,000, with legal interest thereon, as stipulated in the notes; that the note in excess of $10,000 was for usurious interest and was void. Appellant filed a demurrer to the plea of usury. The court overruled the demurrer and appellant elected to abide by his demurrer. The court thereupon rendered judgment in favor of defendants against plaintiff for costs. The court certified the validity of a statute was involved and granted an appeal to this court.

In the order granting the appeal the court stated that plaintiff (appellant) asserted that paragraph 7 of section 6 of the general Corporation act, authorizing a corporation to borrow money at such rate of interest as it may determine, without regard to the Usury law, prohibits the corporation or its surety from availing itself of the defense of usury, and authorizes a corporation to bind itself to pay interest that may be agreed upon, and repeals *pro tanto* the Usury law of this State; that defendants (appellees) disputed the validity of section 6 of the Corporation act in so far as it attempted to repeal *pro tanto* the Usury law of the State.

The Interest act of this State as amended in 1891 and as it existed when this loan was made, permitted contracting for seven per cent interest. (Smith's Stat. 1921, sec. 4, p. 1150.) The notes sued on here were executed in 1922.

Section 5 of the act provided that no person or corporation shall directly or indirectly accept or receive any greater sum for a loan, forbearance or discount of money than as prescribed therein. Section 6 made the violation of the act a forfeiture of all interest contracted and the holder of the contract entitled only to recover the principal sum due.

In 1919 our entire Corporation act was revised and a new act adopted in relation to corporations for pecuniary profit. The new act was entitled, "The General Corporation act." In the 1919 act, among the powers granted to corporations, was the right "to borrow money at such rate of interest as the corporation may determine without regard to or restrictions under any usury law of this State and to mortgage or pledge its property, both real and personal, to secure the payment thereof." (Smith's Stat. 1921, sec. 6, par. 7, p. 470.) That paragraph is inconsistent with the provisions of the Interest act of 1891. Appellant insists it was a repeal *pro tanto* of the Usury law of the State. Appellees insist that it was invalid as such repeal; also that it contravenes section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. * * * No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

One question presented is whether paragraph 7 of section 6 of the Corporation act, which section sets forth the powers of a corporation, authorizes the corporation to borrow money at such rate of interest as it may determine, without regard to the Usury law of this State, and the constitutional question presented is whether, if that section is construed to authorize a corporation to contract for a greater rate of interest than seven per cent, it violates section 13 of article 4 of the constitution. Prior to July 1, 1919, corporations were authorized to "borrow money at legal rates of interest, and pledge their property, both real and per-

sonal, to secure the payment thereof," (Hurd's Stat. 1917, chap. 32, sec. 5, p. 700,) and could by contract, under the provisions of the Interest act, receive or pay interest not exceeding seven per cent.

Upon the constitutional question raised, appellees seem to assert that paragraph 7 of section 6 of the Corporation act is invalid as an amendment to the Usury law because of the constitutional requirement that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act," and *People* v. *Stevenson,* 272 Ill. 325, *People* v. *Clark,* 301 id. 428, *People* v. *Knopf,* 183 id. 410, and other cases, are cited in support of that contention. Appellees further contend paragraph 7 of section 6 contravenes the constitution because the title to the Corporation act does not embrace the subject of paragraph 7.

The Corporation act of 1919 does not purport to be amendatory of any act but is a new and independent act, entitled, "The General Corporation act." It empowers corporations, among other things, to borrow money at any rate of interest they may determine upon. Not purporting to be an amendment to any prior statute but being a complete and independent act, paragraph 7 of section 6 is germane to the act. In *Timm* v. *Harrison,* 109 Ill. 593, the court said: "The repeal of a statute on a given subject, it is held, is properly connected with the subject matter of a new statute on the same subject, and therefore a repealing section in the new statute is valid, notwithstanding the title is silent on that subject. [Citing cases.] We think the same may be said of an amendment by implication." In *People* v. *McBride,* 234 Ill. 146, the court said: "The requirement that an act shall embrace but one subject is not intended to hamper the legislature or embarrass honest legislation, but it is intended to prevent incorporating in an act matters not related to the subject of legislation and of which the title gives no hint. An act may contain many provisions and

details for the accomplishment of the legislative purpose, and if they legitimately tend to effectuate that object the act is not contrary to the constitutional provision. (*Town of Manchester* v. *People,* 178 Ill. 285; *Meul* v. *People,* 198 id. 258.) The constitutional prohibition against more than one subject not being directed against the title but against the act itself, the question now being considered is to be determined by the body of the act, and there is in the act but one general subject." Again, in *People* v. *School Directors,* 267 Ill. 172, the court said: "If a statute can properly be held to be a complete act of the legislature on the subject with which it deals, it will be deemed good and not subject to the operation of section 13 of article 4 of the constitution, providing that no act shall be amended by reference to its title, only. (*People* v. *Knopf,* 183 Ill. 410.) Whether an act is amendatory of a prior act or is an independent act must be determined not by the title alone or by the question whether the provisions to be amended are existing laws but by examination and comparison with prior laws. (*Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98.) Where a new act on a subject has no reference to any prior law and is complete in itself and entirely intelligible it will not contravene section 13 of article 4 of the constitution." Also in *Union Trust Co.* v. *Trumbull,* 137 Ill. 146; this court says: "Undoubtedly the effect of this section is to repeal so much of section 122, *supra,* as is in conflict with it; but since this is only a repeal by implication, because both cannot at the same time be law upon the same subject and the act embracing this section is perfect in itself, it is not in violation of the provision of the constitution requiring the subject of the act to be expressed in its title.—*People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 597."

The rate of interest which may be lawfully contracted for is entirely a matter for legislative control, and the penalty for contracting for a greater rate of interest than the

law allowed at the time the contract sued on was made was forfeiture of all interest. The Corporation act, as we have said, does not purport to amend any previous or existing law. In defining the powers of corporations the act authorizes a corporation to borrow money at such rate of interest as it may desire, without regard to restrictions under any usury law of this State. The act does not amend the Usury law, but on the subject of the payment of interest upon money borrowed by corporations it is in conflict therewith. The subject of interest is not mentioned in the title, and appellees contend it violates the constitution by embracing a subject not expressed in the title. In support of that contention *People* v. *Clark, supra,* is relied on. In that case defendant was found guilty under section 39 of the Motor Vehicle act of stealing an automobile and the punishment inflicted was the punishment provided in that section, which authorizes a fine not exceeding $500 and imprisonment in the penitentiary not less than two or more than fifteen years. The court held the Motor Vehicle law was one governing the registration, use and operation of motor vehicles, and that the creation in the act of a new felony and fixing a punishment therefor was not embraced in the title and was therefore in violation of section 13 of article 4 of the constitution and void. Paragraph 7 of section 6 is germane to the general Corporation act of 1919 and does not violate the constitutional requirement that an act shall contain but one subject, which the court said in the *McBride case, supra,* was intended to prevent incorporating in an act matters not related to the subject of legislation of which the title gives no hint. That the legislature has the power to authorize corporations to contract for a greater rate of interest than seven per cent we think cannot be denied, and the exercise of such power is not invalid. This was recognized by the legislature when it amended the Interest law in 1925 authorizing corporations and parties contracting with them to agree upon any

rate of interest they might determine upon. (See Smith's Stat. 1927, chap. 74, secs. 4, 5, 6, p. 1656.) In *People* v. *Knopf, supra,* cited by appellees, the court said: "The title of the act of 1898, which has been already given, does not indicate that the act is amendatory of any existing law, nor does the act itself profess, in terms, to amend another law by reference to its title or otherwise. So far as the title goes, the act purports to be a complete law in itself and to make provision for the assessment of property throughout the State and to provide the means therefor. If it can be held to be such a law, constituting a complete and entire act of legislation on the subject which it purports to deal with, it will be deemed good and not subject to the constitutional prohibition, notwithstanding it may repeal by implication, or modify, the provisions of prior existing laws. * * * An act within the legislative power is to be sustained as constitutional if it can reasonably be done."

The primary object in construing statutes is to give effect to the true intent and meaning of the legislature, and in our opinion the effect of the Corporation act of 1919 was not to completely annul or abrogate the provisions of the Interest act as to usury, but to withdraw from its operation loans made to corporations at rates of interest which would otherwise be unlawful, and to leave the Interest act in full force and effect as to any and all other loans. (*New York Central Railroad Co.* v. *Stevenson,* 277 Ill. 474.) Our conclusion is, that in respect to the powers conferred upon corporations by paragraph 7 of section 6 of the Corporation act of 1919 the act does not contravene the constitutional provisions mentioned and is valid.

A considerable portion of appellees' argument is devoted to the proposition that the Corporation act, authorizing corporations to borrow money at any rate of interest determined upon, is usurious, immoral in principle and contrary to public policy. What constitutes usury is determined by the legislature and varies in different States.

It has varied at different times in this State. This court held in *People* v. *Wheeler,* 259 Ill. 99, that usury of itself is not immoral. "It would be contrary to common experience to say that a man who lends money at usurious rates is for that reason, alone, not a man of good moral character." Usury is not a crime in itself, and its defense to a suit depends upon the expressed statutes. It is not founded on a common law right and is clearly within the power of the legislature to take it away. (*Rosa* v. *Butterfield,* 33 N. Y. 665; *Southern Life Ins. and Trust Co.* v. *Packer & Prentice,* 17 id. 51; *Town of Danville* v. *Pace,* 25 Gratt. 1, 18 Am. Rep. 663.) In *Parmalee* v. *Lawrence,* 48 Ill. 331, the court said: "Whatever might have been thought in regard to the morality of exacting interest for the use of money before the rise of modern commerce, we imagine no court in this country, in the absence of all statutory regulations, would have any more hesitation in enforcing a special contract for the payment of interest on borrowed money than it would have in enforcing a contract for the payment of rent for a house or farm."

It is also insisted that this action is against the sureties of the corporation executing the note; that the defense of usury is personal to the principal but may be invoked by the surety. The general rule is that the liability of the surety is no greater and no less than that of the principal, and where the defense of usury could not be invoked by the corporation it cannot be invoked by the surety. *Rosa* v. *Butterfield, supra; Union Estates Co.* v. *Adlon Construction Co.* 221 N. Y. 183, 116 N. E. 984; *Salvin* v. *Myles Realty Co.* 227 N. Y. 51, 124 N. E. 94; *Watson* v. *Lane,* 52 N. J. L. 550, 20 Atl. 894; *Bramhall* v. *Atlantic Nat. Bank,* 36 N. J. L. 243.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to sustain the demurrer of appellant to the special plea of usury filed by appellees.

*Reversed and remanded, with directions.*