**In re CHAMPION SHOE MACHINERY CO.**

No. 8823.

District Court, E. D. Missouri.

Feb. 9,.1937.

Boyle & Priest, of St. Louis, Mo., for debtor Champion Shoe Machinery Co.

Burnett, Stern & Liberman, of St. Louis, Mo. (Edward Rothbart and J. M. Rosenfield, both of Chicago, Ill., of counsel), for intervening petitioner C. I. T. Corporation.

DAVIS, District Judge.

The C. I. T. Corporation of Chicago, Ill., has petitioned for an order directing the debtor, the Champion Shoe Machinery Company, under reorganization proceedings in this court, to pay over to it all sums collected and to be collected by it on accounts assigned to petitioner as collateral security until the balance of the indebtedness due petitioner shall have been paid.

Four notes were executed by the debtor, each being payable in twenty-four monthly installments, and dated from 1934 to 1935, respectively. The unpaid balance amounts to about $27,000.

It is the contention of the debtor that the notes in question were executed in Missouri and bore interest in excess of 8 per cent., and that consequently they are usurious and the obligation of the debtor on the notes stands discharged.

Whether the notes were executed in Illinois or Missouri and whether the obligation was to be performed in one or the other of those states is in dispute. Assuming the obligation was to be performed in Missouri, still under the view we take of R.S.Mo.1929, § 2843, as amended by Session Laws 1935, p. 267 (Mo.St.Ann. § 2843, p. 4632), the notes are enforceable.

The new section reads as follows:

"Section 2843. *Defendant may plead usury—judgment, how, rendered—corporations cannot enter plea of usury.*—Usury may be pleaded as a defense in civil actions in the courts of this state, and upon proof that usurious interest has been paid, the same, in excess of the legal rate of interest, shall be deemed payment, shall be credited upon the principal debt, and all costs of the action shall be taxed against the party guilty of exacting usurious interest, who shall in no case recover judgment for more than the amount found due upon the principal debt, with legal interest, after deducting therefrom all payments of usurious interest made by the debtor, whether paid as commissions or brokerage, or as payment upon the principal, or as interest on said indebtedness; provided, however, that no corporation shall, after this act takes effect, interpose the defense of usury in any such action, nor shall any bond, note, debt, contract or obligation of any corporation or any security therefor, be set aside, impaired or adjudged invalid by reason of the rate of interest which the corporation may have paid or agreed to pay thereon.

"Approved March 22, 1935."

The section clearly takes away the defense of usury from a corporate debtor. But the debtor contends that, because the act went into effect after all the notes had been executed, it could have no application to these notes; that such application would make the statute retrospective and unconstitutional.

At the time of the filing of the petition, the above act was in full force and effect. In accordance with the view of the Supreme Court of the United States in Ewell v. Daggs, 108 U.S. 143, 2 S.Ct. 408, 413, 27 L.Ed. 682, we are constrained to hold that the act is not unconstitutional. In that case certain notes were executed in Texas which bore interest at a usurious rate according to the usury statute in force when they were drawn. Before suit on the notes was filed, the defense of usury was repealed by the adoption of a new Constitution. The defense of usury was denied

and the decision upheld by the Supreme Court.

We quote at length from the opinion of the court in that case:

"The effect of the usury statute of Texas was to enable the party sued to resist a recovery against him of the interest which he had contracted to pay, and it was, in its nature, a penal statute inflicting upon the lender a loss and forfeiture to that extent. Such has been the general, if not uniform, construction placed upon such statutes. And it has been quite as generally decided that the repeal of such laws, without a saving clause, operated retrospectively, so as to cut off the defense for the future, even in actions upon contracts previously made. And such laws, operating with that effect, have been upheld, as against all objections on the ground that they deprived parties of vested rights, or impaired the obligation of contracts. * * *

"And these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is, that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation; and that whatever the statute gives, under such circumstances, as long as it remains in fieri, and not realized by having passed into a completed transaction, may, by a subsequent statute, be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur. That principle has been repeatedly announced and acted upon by this court. Read v. Plattsmouth [107 U.S. 568, 2 S.Ct. 208, 27 L.Ed. 414]. And see Lewis v. McElvain, 16 Ohio, 347; Johnson v. Bentley, 16 Ohio, 97; Trustees [of Cuyahoga Falls Real Estate Ass'n] v. McCaughy, 2 Ohio St. [152] 155; Satterlee v. Matthewson, 16 Serg. & R. [Pa.] 169; [Id.] 2 Pet. 380 [7 L.Ed. 458]; Watson v. Mercer, 8 Pet. 88 [8 L.Ed. 876]."

By statute in Illinois, a corporation has the right and power to pay any rate of interest it sees fit to pay, and it has been upheld by the Supreme Court of that state. Tennant v. Joerns, 329 Ill. 34, 160 N.E.

160. See, also, the opinion of the Circuit Court of Appeals (8th Circuit) in Merchants' & Manufacturers' Securities Co. v. Johnson, 69 F.(2d) 940.

 Even though we did not take the view that by the provisions of the Missouri statute discussed above that the petitioner is entitled to his prayer, still our decision would be the same because of our interpretation of the evidence: that the place of performance of the contract was Illinois. Where a contract is usurious by the law of the place where it is made, but not usurious where the obligation is to be paid, the parties will be presumed to have contracted in accordance with the law of the place of payment and the contract will be upheld. Seeman et al. v. Philadelphia Warehouse Company, 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123; Andrews v. Pond et al., 13 Pet. 65, 10 L.Ed. 61; Long v. Long, 141 Mo. 352, 44 S.W. 341; Central National Bank v. Cooper, 85 Mo.App. 383. In 66 Corpus Juris, 150, the following statement is made: "When a contract is usurious by the law of the place where it was made, but the rate of interest is not higher than is lawful in the place where the obligation is to be paid, the parties will be presumed to have contracted with reference to the latter place, and the contract will be upheld, provided always that there is no evidence showing bad faith or an intention to evade the usury laws of the place of contract, * * *"

The order prayed for is granted.